IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB C. SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-936-MEF |
| | ) | |
| STEVE PERRYMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Plaintiff's Complaint (Doc. #1), which alleges "[d]eprivation of rights secured by the United States Constitution and the Constitution of the State of Alabama." Pl.'s Compl. (Doc. #1) at 1. Plaintiff's claims stem from a state court action, *Jeanetta Springer, et al. v. Barbara Ann Akins, et al.*, Case Number CV-2005-36, held before the Circuit Court of Randolph County, Alabama and names as defendants the judges and attorneys involved with that state court case. Plaintiff alleges that the named defendants "conspired together to deny [his] case from going before a jury" and thereby denied him his right to a "[t]rial by Jury, which is secured by the Seventh Amendment of the Constitution and is affirmed by the Constitution of the State of Alabama." Pl.'s Resp. (Doc. #18) at 1.

Defendants have all filed motions to dismiss (Docs. #5, 13, 15, & 19) arguing that Plaintiff's claims are due to be dismissed due to lack of subject matter jurisdiction and, in the alternative, that his claims are barred under the doctrines of *res judicata* and/or collateral estoppel. For the reasons that follow, the court finds that Plaintiff's cause of action is due

to be dismissed.

## I. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

Plaintiff previously filed this cause of action with this court in January 2010 in *Springer v. Perryman, et al.*, Case No. 3:10cv14 (2010). In March 2010, his case was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[1] *See* Recommendation (Doc. #24) and Order Adopting Recommendation (Doc. #26), *Springer v. Perryman, et al.*, Case No. 3:10cv14 (2010). Plaintiff then appealed to the United States Court of Appeals for the Eleventh Circuit in case 10-12059-HH. The Eleventh Circuit affirmed this court's dismissal of his case due to lack of subject matter jurisdiction, holding that

> the district court did not err in concluding that *Rooker-Feldman* barred Springer's civil rights complaint because, squarely within the language of *Exxon Mobil*, he was a state-court loser who sued in federal court to complain of injuries caused by the state-court judgment that was rendered before the filing of his federal complaint. *See Nicholson* [*v. Shafe*], 558 F.3d at 1268, 1270.

Opinion at 4, *Springer v. Perryman, et al.*, No. 10-12059 (11th Cir. Oct. 27, 2010) (per curiam). Plaintiff then sought a writ of certiorari from the United States Supreme Court,

---

[1] Under the *Rooker–Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

which was denied in May 2011.

In his pleadings, Plaintiff acknowledges that he previously filed this same cause of action against the same defendants in this court in 2010. However, Plaintiff does not address this court's lack of subject matter jurisdiction to hear this case–the basis for dismissal of his previous case. Plaintiff's Response merely attempts to prove the merits of his case rather than addressing the jurisdictional hurdles he faces. It is clear that Plaintiff's complaint is a second attempt at having his state court decision reviewed by this federal court and this he cannot do. This court continues to be "precluded from exercising appellate jurisdiction of final state-court judgments" under the *Rooker-Feldman* doctrine. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, Plaintiff's claims continue to be barred due to this court's lack of subject matter jurisdiction and are due to be dismissed.

    **B.**    ***Res Judicata* and Collateral Estoppel**

Defendants have also individually raised the affirmative defense of *res judicata*. "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). An action is barred by *res judicata* if all of "the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

The Eleventh Circuit has held that a dismissal for lack of subject matter jurisdiction

"is not an adjudication on the merits that would give rise to a viable *res judicata* defense." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003), cert. denied, 540 U.S. 1016 (2003). Because Plaintiff's previous case before this court was dismissed due to lack of subject matter jurisdiction, and not on the merits, Defendants cannot successfully raise the *res judicata* defense.

This court's ruling in plaintiff's previous case was not a final judgment on the merits, but it was a final judgment on the issue of this court's subject matter jurisdiction. Thus, this court's final decision that it lacks subject matter jurisdiction over Plaintiff's claims precludes him from re-litigating the issue of subject matter jurisdiction over the same claims in this case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999) ("When a court has rendered a judgment in a contested action, the judgment [ordinarily precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation.") (alteration omitted); *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."). Because Plaintiff's claims continue to be barred under *Rooker-Feldman*, and Plaintiff's cause of action essentially seeks to re-litigate the issue of this court's subject matter jurisdiction to consider the merits of Plaintiffs claims, Plaintiff's claims are barred by collateral estoppel, or issue preclusion.[2] *See Grand Metropolitan P.L.C.*

---

[2] The Eleventh Circuit has articulated the following standard for the application of collateral estoppel:
>  (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of

4

*v. Butterworth*, 1988 WL 1045191 (N.D. Fla. Nov. 28, 1988) ("[A]lthough a dismissal for lack of subject matter jurisdiction or for want of justiciability does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the precise issue of jurisdiction or justiciability that led to the first dismissal." (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4436 at 338 (1981))). The jurisdictional issue at stake in this second action is identical to Plaintiff's previous case and Plaintiff has not shown that he has overcome the jurisdictional problem present in his first action. Thus, in the alternative, this court finds that Plaintiff's cause of action is due to be dismissed under the doctrine of collateral estoppel.

## II.   CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the undersigned that Defendants' motions to dismiss (Docs. #5, 13, 15, & 19) be GRANTED and Plaintiff's claims be DISMISSED as to all defendants.

It is further

ORDERED that on or before **December 14, 2011**, the parties may file objections to

---

the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding."
*Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000) citing *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). All of the elements for the application of collateral estoppel have been met in this case.

the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 30th day of November, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE